CARL A. WESCOTT
8210 E. Via de la Escuela
Scottsdale, AZ 85258
*in propria persona*
+1 276 773 7377

**FILED**
Apr 03 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ GloriaVocal  DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| CARL A. WESCOTT,<br><br>        Plaintiff,<br><br>vs.<br><br>MR. NATHAN GRAY;<br>GEOVERSITY FOUNDATION<br><br>        Defendants.<br><br>+ DOES 1 through 25 | Civil Action No. **'25CV0808 RBM KSC**<br><br>**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT; MONEY HAD AND RECEIVED; and AN ACCOUNTING**<br><br>JURY TRIAL REQUESTED |

Plaintiff Carl A. Wescott, proceeding *pro se,* complains of Defendants Mr. Nathan Gray and the Geoversity Foundation (formerly known as Earth Train; prior to that, known as Gateway Pacific Foundation). In support of his legal complaint, the Plaintiff alleges as follows:

**The Parties: Plaintiff and Defendants**

1. The Plaintiff is an individual presently residing in Scottsdale, Arizona.

2. Defendant Mr. Nathan Gray is a long-time resident of the San Francisco Bay Area East Bay (San Leandro, California, and Berkeley, California, his more recent domicile).

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT,[1]
MONEY HAD AND RECEIVED**

3. The Geoversity Foundation is a US 501(c)(3) nonprofit public charity with EIN 94-3107635, domiciled in San Diego County, California (Borrego Springs).

**Further allegations regarding conspiracy between defendants**

4. Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, Mr. Nathan Gray, as an individual, in addition to acting for himself and on his own behalf individually and for the benefit of his marital community, was acting as the agent, servant, employee, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the other Defendants (individual and entities) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

5. Plaintiff further alleges on information and belief that the acts of each of the Defendants were fully ratified by each and all the other Defendants.

6. Specifically, and without limitation, Plaintiff alleges on information and belief that the tortious actions, failures to act, breaches, and negligence alleged herein and attributed to one or more of the specific Defendants were approved, ratified, and/or done with the cooperation and knowledge of each and in conspiracy with all other Defendants (individual and corporate).

7. In addition, upon information and belief, there are nefarious corporate and other entity type Defendants beyond Geoversity Foundation involved in these conspiracies, currently unknown to Plaintiff. They shall emerge with the benefit of legal discovery.

8. Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, any and all such corporate entities, in addition to the named entity Defendant, in addition to acting for itself and for its own behalf, was acting as the agent, servant, and/or representative of,

and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the Defendants (entity and individual) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

9. Plaintiff further alleges on information and belief that the acts of each of the Defendants were fully ratified by each and all the Defendants.

10. Specifically, and without limitation, Plaintiff alleges on information and belief that the tortious actions, failures to act, breaches, and negligence alleged herein and attributed to one or more of the specific Defendants were approved, ratified, and/or done with the cooperation and knowledge of each and in conspiracy with all other Defendants (individual and corporate).

**Jurisdiction and Venue**

11. Mr. Gray is a long-time California resident, having lived in San Leandro and Berkeley for more than a decade.

12. Geoversity Foundation is a citizen of California as well, domiciled in San Diego County.

13. This is an action for damages pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and a claim for damages greater than US $75,000.  The alleged damages are explained in further detail below as they are critical to this Court establishing subject-matter jurisdiction.

14. Supplemental jurisdiction over the Plaintiff's state law claims is pursuant to 28 U.S.C. § 1367.

15. With Geoversity Foundation being domiciled in this district, this venue is appropriate.

16. This Court can assert jurisdiction over these Defendants.

3
**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT, MONEY HAD AND RECEIVED**

**Subject-Matter Jurisdiction – Legal Standards**

17. With damages of $75,000 and the diversity of citizenship of Plaintiff and Defendants, the Plaintiff qualifies for United States District Court under 28 U.S. Code § 1332(a)(1):

> DIVERSITY OF CITIZENSHIP; AMOUNT IN CONTROVERSY; COSTS
>
> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> **(1)** citizens of different States;   *(28 U.S. Code § 1332 (a)(1))*

18. The Plaintiff resides in Arizona.

19. Mr. Gray is a long-time California resident, having lived in San Leandro and Berkeley for more than a decade, his legal domicile.

20. Geoversity Foundation is a citizen of California as well, domiciled in San Diego County.

21. Thus, the parties have complete diversity of citizenship.

22. To qualify for federal court under complete diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs *(28 U.S.C. § 1332(a) (2014))*.

23. The determination of the amount in controversy for federal subject matter jurisdiction is an issue decided under federal law. 14AA FEDERAL PRACTICE AND PROCEDURE § 3702 (4th ed. 2014) [hereinafter "FEDERAL PRACTICE"]. See *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352 (1961).

24. Federal courts will, however, look to applicable state law to determine the nature of the plaintiff's substantive claim and related damages. FEDERAL PRACTICE § 3702. See *Horton*, 367 U.S. at 352-353.

25. Numerous courts, including the United States Supreme Court have held that the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right that the plaintiff seeks to enforce or the value of the object that is the subject matter of the suit. FEDERAL PRACTICE § 3702.5. See *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 97 S.Ct. 2434, 53 L. Ed. 1067 (1947).

26. The direct pecuniary value of the right is simply an estimate of the total amount in dispute rather than an assessment of liability. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

27. The amount in controversy is determined without considering accrued or accruing interest or the costs associated with the lawsuit. (*28 U.S.C. § 1332(b)*)

28. Courts have held that collateral effects will not be taken into account when calculating the amount in controversy. FEDERAL PRACTICE § 3702.5. See *Healy v. Ratta*, 292 U.S. 263, 267 (1934) ("the collateral effects of the decree, by virtue of stare decisis, upon other and distinct controversies, may not be considered in ascertaining whether the jurisdictional amount is involved, even though their decision turns on the same question of law."). See also *New England Mortg. Sec. Co. v. Gay*, 145 U.S. 123, 130 (1892) ("It is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur.").

29. The amount in controversy may include compensatory damages including general and special damages such as pain and suffering and out of pocket loss. The amount in controversy may also

include punitive damages. *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386-387 (10th Cir. 1994).

30. The amount in controversy in the case at bar is the loans of US $217,000 made to Geoversity Foundation, personally guaranteed by Mr. Gray.

31. US $217,000.00 is greater than $75,000.00.

32. Therefore, the Plaintiff asserts that this case qualifies for this federal United States District Court under complete diversity of citizenship *(28 U.S. Code § 1332 (a)(1))*

**Background Facts and Narrative**

33. Many years ago, when the Plaintiff had plenty of cash, at the suggestion of Defendant Mr. Nathan Gray, he invested over US $2 million to purchase land for conservation and preservation.

34. The Plaintiff lent US $7500 per month to Geoversity Foundation, personally guaranteed by Mr. Nathan Gray.

35. The Plaintiff lent a total of $147,000 to Geoversity Foundation in the monthly loans.

36. More recently, the Plaintiff also lent US $70,000 to Geoversity Foundation in a one-time lump sum.

37. Thus, the Plaintiff lent a total of US $217,000 (principal) to Geoversity Foundation.

38. As a personal guarantor of the loans, Mr. Nathan Gray also owes US $217,000 in principal to the Plaintiff, along with accrued interest.

39. The Plaintiff used to be wealthy but is now indigent.

40. The Plaintiff asked Mr. Gray for him and Geoversity to repay the loans in August 2024, as the Plaintiff needs his money back.

41. In August 2024, Mr. Gray confirmed the existence of the loans but stated that Geoversity Foundation and he owed the Plaintiff $0.

42. When the Plaintiff then asked for documentation as to what happened with his loans, on October 14th, 2024 Mr. Gray sent an email to the Plaintiff (Exhibit A) agreeing that the US $217,000 of loans provided by the Plaintiff had indeed been recorded as loans.

43. However, as of October 14th, Mr. Gray now asserts that he and the Geoversity board of directors had engaged in multiple forms of fraud, including tax fraud, and that the US $217,000 that the Plaintiff sent to Geoversity Foundation were part of some scheme that sounds illegal and unenforceable, even if the allegations were true. They are not.

44. That email has many false statements.

45. In the email, Mr. Gray made it clear that Geoversity Foundation had converted the Plaintiff's funds and was not going to repay the loan.

46. More specifically, as of October 14th, 2024 Mr. Gray now claims that the US $217,000 the Plaintiff loaned Geoversity Foundation and Mr. Gray were "monthly payments from [the Plaintiff] as compensation for our time and out-of-pocket costs", that were fraudulently recorded as loans.

47. It's easy for Mr. Gray to lie in an email to the Plaintiff as part of his plan to steal US $217,000 from the Plaintiff. The Plaintiff does not believe, however, that Mr. Gray will lie under oath and penalty of perjury.

7
**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT, MONEY HAD AND RECEIVED**

48. Even if Mr. Gray does lie under penalty of perjury about the loans, in these legal proceedings, we will have the records of Geoversity Foundation and the testimony of Geoversity Foundation board members that will align with the Plaintiff's testimony under penalty of perjury.

49. This is a verified legal complaint. The Plaintiff asserts once more for clarity: the monies sent to Geoversity Foundation were loans, and have not been repaid.

50. October 14th, 2024 is the Plaintiff's discovery date that Mr. Gray and Geoversity Foundatoin converted the Plaintiff's cash given as loans and simply stole it.

51. This legal complaint and related processes will shine the lights of truth and discovery over Mr. Gray's lies, and the true facts shall emerge, allowing the Plaintiff to recover his monies.

**Righting the Scales of Justice via Jury Trial**

52. The Plaintiff, unfortunately, has been left with no choice but to file this legal complaint in hopes that justice can be served.

53. Under the Seventh Amendment to the United States Constitution, the Plaintiff has a right to a jury trial for his Constitutionally-protected petitioning rights. (Also, as per *Fed. R. Civ. P 38(b)*).

54. The Plaintiff hereby respectfully requests a jury trial on all issues raised herein, including all triable facts and issues related to his current causes of action and any facts, issues, requests, and/or causes of action that the Plaintiff or his future attorney may add within the timelines allowed by this Court.

### Count I – Breach of Contract

55. The Plaintiff realleges paragraphs 1-54 as if fully set out herein.

56. The Plaintiff entered into a valid contract with Defendant Geoversity Foundation, to loan Geoversity $7500 a month.

57. The Plaintiff entered into a valid contract with Defendant Nathan Gray, who agreed to personally guarantee the loans.

58. The Plaintiff fully performed, loaning $217,000 to Defendant Geoversity Foundation (then known as EarthTrain), in a series of wires.

59. Defendants breached by not repaying the Plaintiff principal and now claim not to owe anything on the loans.

60. The Plaintiff has been damaged as a result of the Defendants' breaches by losing US $217,000 in base damages.

61. All allegations and damages to be fully proven at jury trial.

### Count II – Money Had and Received (Geoversity)

62. The Plaintiff realleges paragraphs 1-54 as if fully set out herein.

63. The Plaintiff sent many wires to Earth Train (as it was then known), $7500.00 per month.

64. The Plaintiff also sent one wire to Earth Train for US $70,000.00.

65. The money was supposed to be used for projects to benefit the Plaintiff, on land that he had purchased in Panama.

66. However, the money was not used for the intended purpose.

67. The Plaintiff has been damaged as a result of the Defendant's breaches by losing US $217,000.

68. That sum of $217,000 represents the Plaintiff's base damages.

69. All allegations and damages to be fully proven at jury trial.

### Count III – An Accounting (Equitable Relief)

70. The Plaintiff realleges paragraphs 1-54 as if fully set out herein.

71. Though the Parties agree that the Plaintiff wired large sums to Earth Train (now Geoversity Foundation), a controversy exists between the Parties as to what is owed.

72. An equitable accounting is an equitable remedy by which the Parties can ascertain the property due to one another through the examination of the books and records.

73. The former relationship of trust between the Parties has deteriorated, as demonstrated by Mr. Gray's willingness to lie in writing about so many facts, so that Mr. Gray and Geoversity Foundation can convert (steal) the Plaintiff's money.

74. There is an information asymmetry that must be remedied to make sure the Plaintiff is not deceived and is not robbed by the Defendants.

WHEREFORE, PLAINTIFF PRAYS:

(a) As to Count I for all direct and consequential damages the Plaintiff incurred as a proximate result of the Defendants' breaches of contract;

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT, MONEY HAD AND RECEIVED**

(b) As to Count II for all direct and consequential damages the Plaintiff incurred as a proximate result of losing money that the Defendant Geoversity Foundation had and received;

(c) As to Count III, that this Court will order a full accounting of the monies sent by the Plaintiff and any monies repaid, so that all parties will know the principal amount owing to the Plaintiff (and so we may calculate pre-judgment interest based on those principal amounts).

(d) For reasonable compensation for the value of his time in representing himself while he cannot afford an attorney (*quantum meruit*);

(e) For reasonable future attorney's and paralegal fees and costs including administrative, filing, service, Court reporter, jury fees, travel costs and for all other reasonable costs of this action and;

(f) For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED

_[signature: C A Wescott]_

Carl A. Wescott, *pro se*
April 1st, 2025

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT, MONEY HAD AND RECEIVED**

## VERIFICATION

I, Carl A. Wescott, under penalties for perjury provided by law pursuant to California state law, as well as the federal laws of the United States of America, certify that the facts set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Carl A. Wescott

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT, MONEY HAD AND RECEIVED**