# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. WESCOTT,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NATHAN GRAY; et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:25-cv-00808-RBM-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS [Doc. 2]**<br><br>**(2) GRANTING MOTION FOR PERMISSION TO RECEIVE ELECTRONIC NOTICING AND FOR PERMISSION TO FILE ELECTRONICALLY AS A PRO SE PARTY [Doc. 3]** |

Pending before the Court are Plaintiff Carl A. Wescott's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs, i.e. an application to proceed *in forma pauperis* ("IFP Application"), and Plaintiff's Motion for Permission to Receive Electronic Noticing and for Permission to File Electronically as a Pro Se Party ("Motion for Electronic Filing"). (*See* Docs. 2, 3.) For the reasons set forth below, Plaintiff's IFP Application and Plaintiff's Motion for Electronic Filing are **GRANTED**.

///

///

1

## I. BACKGROUND

**A.   Plaintiff's Complaint[1]**

On April 3, 2025, Plaintiff filed a Verified Legal Complaint for Breach of Contract, Money Had and Received, and Accounting ("Complaint") against Defendants Nathan Gray, Geoversity Foundation[2] ("Geoversity"), and DOES 1 through 25 (collectively, "Defendants"). (Doc. 1 ["Compl."].[3]) In his Complaint, Plaintiff alleges that he once was wealthy, "had plenty of cash[,]" and "invested over US $2 million to purchase land for conservation and preservation." (*Id.* ¶¶ 33, 39.)  Specifically, he alleges that he lent Defendant Geoversity a total of $147,000 in monthly loans and an additional lump sum of $70,000 for a total of $217,000. (*Id.* ¶¶ 30–31, 34–37.)  Plaintiff alleges that Defendant Gray personally guaranteed the loans. (*Id.* ¶ 38.)

Plaintiff alleges that he requested repayment of the loans in August 2024. (*Id.* ¶ 40.) In an email dated October 14, 2024, Defendant Gray responded:

> I remember very vividly why your records show 'loans' to Earth Train. Back in 2003 or 2004, all save two people resigned from the Earth Train board of directors because they felt I was taking a foolish risk to invest so much cash and personal capital banking on a promise that could not be legally recorded and enforced: I'm referring to our agreement that Earth Train would eventually receive-as a tax deductible donation from you-50% of the land we managed to secure for your Panamanian company. Again, the idea was that you would make the donation sometime in the future when you could take advantage of highly increased land values, that is when you could benefit from the hard work we invested in saving and restoring precious (and gorgeous) spots such as the Junglewood and the La Zahina areas. In just the Junglewood area alone, we raised money and invested countless hundreds of volunteer hours to plant over 7,000 trees. Later, without prior consultation with us, you sold all of that land and more to Colin for a multiple over what you paid for

---

[1] This section summarizes the allegations set forth in Plaintiff's Complaint, not conclusions of law or fact by the Court.
[2] Plaintiff alleges that Defendant Geoversity Foundation was previously known as Earth Train or Gateway Pacific Foundation. (Doc. 1 ["Compl."] at 1.)
[3] Unless otherwise noted, the Court will cite to paragraph numbers for the Complaint and the CM/ECF pagination for other documents.

> it. And we received nothing from that deal.
>
> For quite a while, we agreed to receive monthly payments from you as compensation for our time and out-of-pocket costs involved in acquiring land for your company -but to record them as 'loans'. Again, the idea was to give you a tax advantage: You could convert those 'loans' to a donation at a later date when that would offer you a better tax advantage. We finally discontinued that practice at the insistence of our board. And when you sold your holdings to Colin, that would have been a time to square at least that arrangement with a donation. And once the sale was effected, that's how we recorded the land management and acquisition payments from you.
>
> Carl, I wish you the best of luck getting through your present difficulties. The best we have to offer you and your boys is an ultimately positive rendering of history -extraordinary achievements in the restoration and protection of ecologically precious corridors of biodiversity.

(Doc. 1-2 (unaltered).)

### B.  Plaintiff's IFP Application

Along with his Complaint, Plaintiff filed an IFP Application. In his IFP Application, Plaintiff asserts that he is unemployed and has $158.97 in total. (Doc. 2 at 2.) Plaintiff also asserts that he lives at his mother's townhome, does not have a car, and owns three guitars worth $150. (*Id.*) Plaintiff then claims that a named individual owes him $2,000. (*Id.*) Plaintiff also claims that he has average monthly expenses of $803. (*Id.* at 4–5.) Finally, Plaintiff attaches documentation indicating that he receives $292 per month in Nutrition Assistance. (Doc. 2-1 at 1.)

### C.  Plaintiff's Motion for Electronic Filing

In his Motion for Electronic Filing, Plaintiff "moves this Court for permission to file electronically and to receive electronic noticing of Court filings, orders, and notices in the matter captioned above." (Doc. 3 at 1.) Plaintiff asserts that he has reviewed the CM/ECF Information Page and "understands the rules of e-filing." (*Id.* at 2.) Plaintiff also asserts that he has access to a computer and the internet and has registered for PACER. (*Id.*) Plaintiff consents to electronic service at CarlWescott2025@gmail.com and understands "that abuse of the e-filing privileges may result in revocation of the right to e-file." (*Id.*)

## II. DISCUSSION

### A. Plaintiff's IFP Application

A motion to proceed *in forma pauperis* ("IFP") presents two issues for the Court's consideration. First, the Court must determine whether an applicant properly shows an inability to pay the $405[4] civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows [an] inability to pay initial fees or give security." S.D. Cal. Civ. R. 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). The Court addresses each issue in turn.

#### 1. Plaintiff's Indigence

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty") (citation omitted). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on

---

[4] In addition to the $350 statutory fee, civil litigants typically must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

a case-by-case basis. *See id*. at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) ("The granting or denial of leave to proceed [IFP] in civil cases is within the sound discretion of the district court.").

Here, Plaintiff asserts that he is unemployed and receives only $292 per month in Nutrition Assistance. (Doc. 2 at 2; Doc. 2-1 at 1.) Plaintiff also asserts that he has average monthly expenses of $803. (Doc. 2 at 4–5.) Therefore, Plaintiff's monthly expenses exceed his income, and the Court is persuaded that Plaintiff cannot pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234 (citation omitted). The Court exercises its sound discretion and **GRANTS** Plaintiff's IFP Application. *See Cal. Men's Colony*, 939 F.2d at 858 (requiring that district courts exercise their "sound discretion").[5]

### 2.     Screening Under 28 U.S.C. § 1915(e)

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to mandatory screening by the Court under § 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under this provision, the Court must dismiss complaints that are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Here, there is no indication that Plaintiff's claims are frivolous or malicious, or that he seeks monetary relief from immune defendants. *See* 28 U.S.C.

---

[5] While Plaintiff asserts that a named individual owes him $2,000 (Doc. 2 at 2), it is unclear when or if Plaintiff will receive this money, so the Court, in its sound discretion, will not consider it. *See Cal. Men's Colony*, 939 F.2d at 858 (requiring that district courts exercise their "sound discretion").

§ 1915(e)(2)(B). Therefore, the Court turns to (a) whether Plaintiff fails to state a claim on which relief may be granted and (b) whether Plaintiff has adequately alleged diversity jurisdiction. *See id.*

### a)   Failure to State a Claim

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "[O]ur 'obligation' remains, 'where the petitioner is pro se … to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).

Here, Plaintiff asserts three causes of action for breach of contract, money had and received, and accounting. (Compl. ¶¶ 55–74.) Plaintiff then alleges that he lent Defendant Geoversity $217,000, which was personally guaranteed by Defendant Gray. (*Id.* ¶¶ 30–31, 34–38.) Plaintiff alleges that he requested repayment of the loans in August 2024 and was refused. (*Id.* ¶ 40; Doc. 1-2.) Therefore, Plaintiff seeks approximately $217,000 in monetary damages. (Compl. ¶ 60, 67–68.) With these claims, Plaintiff has satisfied the minimal pleading standards articulated above, particularly considering Plaintiff's pro se status. *See Segura v. City of San Diego*, Case No.: 3:22-cv-01029-RBM-AHG, 2022 WL 3130243, at *2 (S.D. Cal. July 28, 2022) (finding the plaintiff had satisfied the "minimal pleading standards" under 28 U.S.C. § 1915(e)).

### b)   Diversity Jurisdiction

Federal courts have diversity jurisdiction when there is diversity of citizenship among the parties and when the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a); *see, e.g.*, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). There is diversity of citizenship when the citizenship of each plaintiff is diverse from the citizenship of each

defendant. *Caterpillar Inc.*, 519 U.S. at 68. "Where the plaintiff originally files in federal court, 'the amount in controversy is determined from the face of the pleadings.'" *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000)). "The amount in controversy alleged by the proponent of federal jurisdiction … controls so long as the claim is made in good faith." *Id.* (citing same).

Here, Plaintiff alleges that he resides in Arizona, that Defendant Gray resides in California, and that Defendant Geoversity is a nonprofit public charity domiciled in San Diego County, California. (Compl. ¶¶ 1–3.) Plaintiff also alleges $217,000 in damages. (*Id.* ¶ 31.) Thus, at this stage, Plaintiff has adequately alleged that his citizenship is diverse from the citizenship of Defendants and that the amount in controversy exceeds $75,000. *See Wescott v. Google, LLC*, Case No. 24-cv-01513-PHK, 2024 WL 3849345, at *2 (N.D. Cal. Aug. 15, 2024) (finding that Plaintiff properly invoked federal diversity jurisdiction).

**B.     Motion for Electronic Filing**

"Unless otherwise authorized by the [C]ourt, all documents submitted for filing to the Clerk's Office by parties appearing without an attorney must be in legible, paper form." CM/ECF Manual, § 2(b) (S.D. Cal. Jan. 22, 2025). "A pro se party seeking leave to electronically file documents must … demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the [CM/ECF Manual]." *Id*. The CM/ECF Manual refers readers to the Court's official website (www.casd.uscourts.gov) for the current CM/ECF technical specifications and requirements, *see id*. at § 1(i), which include a computer; software to convert documents from a word processor format to a portable document format; internet access; a compatible internet browser; a scanner; and a PACER account, *see* United States District Court for the Southern District of California, CM/ECF Information, https://www.casd.uscourts.gov/cmecf.aspx#undefined1 (last visited Sept. 2, 2025).

Here, by reviewing the CM/ECF Information Page, which includes a link to the CM/ECF Manual, and affirming that he has regular access to the technical requirements

necessary to e-file successfully, e.g., a computer and the internet, Plaintiff has demonstrated that he has the means to electronically file documents. (*See* Doc. 3 at 1–2.) Accordingly, Plaintiff's Motion for Leave to Electronically File Documents is **GRANTED**.

### III.     CONCLUSION

Based on the foregoing, Plaintiff's IFP Application and Plaintiff's Motion for Electronic Filing are **GRANTED**.

The Clerk of the Court is **DIRECTED** to issue a summons as to Plaintiff's Complaint and forward it to Plaintiff along with a blank U.S. Marshals Form 285 for each Defendant. In addition, the Clerk of the Court is **DIRECTED** to provide Plaintiff with certified copies of this Order and his Complaint so that he can serve Defendants.

Upon receipt of this "IFP Package," Plaintiff is **INSTRUCTED** to complete the Form USM-285s as completely and accurately as possible, including an address where each Defendant may be served, and return them to the U.S. Marshal according to the instructions provided with the IFP Package. The United States Marshals Service is then **ORDERED** to serve copies of the Complaint and summons upon the named Defendants as directed by Plaintiff on the Form 285s. The United States will advance all costs of service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

Defendants, once served, are **ORDERED** to respond to Plaintiff's Complaint within the time period specified in the applicable provisions of Federal Rule of Civil Procedure 12(a). Plaintiff need take no additional action in this case until after he has served all Defendants named in the Complaint and they have had an opportunity to respond.

**IT IS SO ORDERED.**

DATE:  September 4, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE